FILED '09 AUG 05 16:03 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHURCHILL MEDIA, LLC, an Oregon
limited liability company,

        Plaintiff,          Civil No. 08-6330-TC

        v.                 O R D E R

MOON BROADCASTING PROSSER, LLC,
a California limited liability company, and
MBPROSSER LICENSEE, LLC, a
California limited liability company,

        Defendants.

COFFIN, Magistrate Judge:

    This action involves a contractual dispute between plaintiff Churchill Media, an Oregon limited liability company, and Moon Broadcasting, a California limited liability company. Jurisdiction is based on diversity of citizenship.

    Presently before the court is defendant's motion (# 27) to dismiss for lack of personal jurisdiction.[1]

---

[1] Defendants appear to have abandoned their motion to dismiss for improper venue. Regardless, the motion fails. See p.p. 19-20 of Plaintiff's Memo in Opposition (#34).

Factual Background

Two related contracts are at the center of this action. The contracts relate to the sale and operation of radio stations in the State of Washington. The contemplated sale of the radio stations never occurred, but the parties did jointly operate them for more than two years .

In the Time Brokerage Agreement and the Addendum to that Agreement, the parites agreed to jointly operate the radio stations for than two years. In the Asset Purchase Agreement and Addendum to that Agreement, the parties agreed that if certain conditions were satisfied, plaintiff Churchill could purchase the radio stations at the end of the period of joint operation.

In it's counterclaim, defendant Moon alleges that Churchill breached the Time Brokerage Agreement by failing to make certain payments due Moon and that Churchill breached the Asset Purchase Agreement by failing to acquire the stations. In its complaint, Churchill alleges that Moon breached the Asset Purchase Agreement by refusing to return Churchill's $107, 500 deposit, and that Churchill satisfied all its obligations under the Time Brokerage Agreement.

The two Agreements contemplated a two year relationship between the parties. Churchill provided all programming for the stations and had the right to sell advertising for the stations. Churchill was also obligated to make periodic payments to Moon.  During that two year period, as Moon was aware, Churchill performed most of its obligations under the agreements from its offices in Eugene, Oregon, including producing all of the programing for the radio stations. Churchill also provided accounting functions, human resource functions, logo design, and technical support for the radio stations from Churchill's offices in Eugene. After two years, Moon extended its agreements with Churchill. Throughout this entire period, Moon sent monthly invoices to Churchill in Oregon for amounts due under the agreements, and Churchill sent monthly checks from Oregon to Moon totaling over $640,000 . Moon's employees also traveled to Eugene on at least two occasions to

work on promotional events for the stations.

## Legal Background

Plaintiff contends that "limited" jurisdiction exists in this action. The Ninth Circuit traditionally has applied a three-part test to determine if limited jurisdiction exists:

1) The nonreisdent defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

2) The claim must be one which arises out of or results from the defendants forum related activities.

3) Exercise of jurisdiction must be reasonable.

Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986).

Plaintiff has the burden of establishing personal jurisdiction. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). For the present motion, plaintiff is only required to make a prima facie showing of jurisdictional facts to defeat the motion to dismiss. Myers v. Bennet Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001). The plaintiff need only demonstrate facts that if true would support jurisdiction over the defendants. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001). Unless directly controverted, the plaintiff's version of the facts is taken as true for the purposes of a Rule 12(b)(2) motion to dismiss. Id. Conflicts in the evidence set forth in the parties' affidavits must be resolved in the plaintiff's favor. Id.

## Discussion

Plaintiff has met its burden of establishing that personal jurisdiction exists in Oregon.

1. Moon Purposely Availed Itself of the Privilege of Conducting Activities in Oregon

Citing Burger King v. Rudzewicz, 471 U. S. 462 (1985), the Ninth Circuit stated that:

> The purposeful availment prong is satisfied when a defendant takes

3 - ORDER

> deliberate actions within the forum or creates continuing obligations to
> forum residents.

Hirsch, 800 F.2d at 1478.

In Hirsch, Blue Cross, a Missouri insurance company with no physical presence in California, entered into an insurance contract to provide health insurance to the employees of a company, Southwest, that had no California employees. After the insurance contract was signed, Southwest hired a California resident who later sued Blue Cross in California for failing to honor the insurance contract. Blue Cross challenged jurisdiction in California:

> Blue Cross argues that its contacts with California are attributable
> solely to Southwest's unilateral action in hiring new employees there --
> an event that did not occur until after Blue Cross signed the
> Enrollment Agreement -- and therefore that it would be unfair to hale
> the company into court there.

Hirsch, 800 F.2d at 1479.

The Court of Appeals acknowledged that Blue Cross might not have foreseen at the time it entered into the contract with Southwest that the contract would have effects in California. Id. at 1479. However, when Southwest hired plaintiff Hirsch, he submitted his application to Blue Cross from California using a California address and Blue Cross sent a Blue Cross card to his residence in California. Hirsch then paid health insurance premiums that were forwarded to Blue Cross. In finding that this relationship satisfied the purposeful availment test, the Court of Appeal stated:

> We conclude that Blue Cross, by voluntarily and knowingly obligating
> itself to provide health care coverage to Southwest's California
> employees, in exchange for premiums partly derived from premiums
> paid by California residents, purposefully availed itself of the benefits
> and protections of that forum.

Id. at 1480.

4 - ORDER

Moon, like Blue Cross, entered into a continuing relationship with a forum resident and the continuing relationship included continuing obligations. Blue Cross agreed to provide health insurance to a forum resident during the period of his employment, while Moon agreed to jointly operate radio stations with a forum resident for over two years. Moreover, Moon, like Blue Cross, collected periodic payments from the forum resident during the term of their relationship. Thus, by entering into a continuing relationship with a forum resident, and then collecting payments from that resident, Moon purposefully availed itself of the benefits of doing business in that forum.

The present case is even a stronger case for jurisdiction than Hirsch because 1) at the time of the original contracting, Moon knew it was entering into a long term contract with the forum resident, while none of Southwest's employees were forum residents at the time Blue Cross entered into the insurance contract with Southwest; 2) Moon not only entered into a contract with a forum resident, but two years into the contract, it extended the term of that relationship; 3) unlike Blue Cross, Moon sent monthly invoices to Churchill in the forum that amounted to over $640,000$^2$; and 4) although not necessary for my findings today, employees of Moon traveled to Oregon on two occasions during the contract term to work with Churchill to promote the stations. In addition, the parties agreed that the "Closing Place" for the sale of the radio stations would be Eugene, Oregon. § 1(e) of Asset Purchase Agreement, Exh. A of the Complaint (# 1). Although this may have been later changed by an Addendum stating that the closing shall be held at a place mutually agreed upon by the parties, and the transaction never actually closed, defendants knew plaintiffs were based in Oregon and contemplated and agreed to a closing there.

A second reason the purposeful availment prong is satisfied is that Moon took "deliberate

---

[2] Although the signing of a contract alone may not constitute sufficient contacts for due process purposes, the course of dealing since the time of the contract generally may be considered in this analysis. Hirsch Court, see 800 F.2d 1480 at FN 3

5 - ORDER

actions within the forum" of Oregon. See Hirsch , 800 F.2d at1478. Moon sent monthly invoices to plaintiff in Oregon. More than mere general communications by mail, the invoices sent to and paid from Oregon amounted to $640, 000. [3]

Based on the above, the purposeful availment test is satisfied. See also, Roth v. Garcia Marquez, 942 F.2d 617 (9th Cir. 1991); Hylwa v. Palka, 823 F.2d 310 (9th Cir. 1987); Buckamn v. Quantum Energy Partners IV, LP, 70 Fed. R. Serv. 3d 941 (D. Or. 2008).

2. Claims Arise Out of Moon's Forum Related Activities

The second prong for limited jurisdiction is satisfied as the claims arise out of Moon's forum related activities. The "but for" test for this prong is met as the contracts and contractual relationship are the basis of Moon's contacts with Oregon and the claims arise out of the alleged breaches of those contracts. See Hirsch, 800 F.2d at 1480, and FN 3 at 1480; Roth, 942 F.2d 622; Buckman, 70 Fed. R. Serv. 3d 941.

3. Exercise of Jurisdiction is Reasonable

The first two requirements for asserting limited, or specific, jurisdiction have been met. As such, "specific jurisdiction is presumptively reasonable and the burden is on defendant to demonstrate a 'compelling case' of unreasonableness." Oregon v. Heavy Vehicle Electronic License Plate, Inc., 157 F.Supp. 1158, 1166 (D. Or. 2001).

The Court in Sinatra v. National Enquirer, Inc., 845 F.2d 1191, 1198-1199 (9th Cir. 1988) identified seven factors to be considered in determining reasonabless:

    1)the extent of purposeful interjection; 2)the burden on defendant; 3)

---

[3]See FN 2 hereto.

6 - ORDER

>the extent of conflict with sovereignty of defendant's state; 4) the forum state's interest in adjudicating the suit; 5) the most efficient judicial resolution of the dispute; 6) the convenience and effectiveness of relief for plaintiff; and 7)the existence of an alternative forum.

Id. at 1198-1199 (citations omitted).

When the purposeful availment test is satisfied, the Court need not analyze the extent of the "purposeful injection" a second time as part of the reasonableness test. Buckman, 70 Fed. R. Serv. 941 (D. Or. 2008). With respect to the second factor, courts examine the burden on the defendant in light of the corresponding burden on plaintiff. Sinatra, 845 F.2d at 1199. In this case, the burden on defendants of litigating in Oregon is not much greater than the burden on Churchill of litigating in defendants' proposed forums of Washington and California. Since Churchill's witnesses are in Eugene, and defendants have witnesses in both Washington and California, conducting the trial in Oregon, between California and Washington, is the most convenient forum when taking the interests of all the parties into account.

The third factor, the extent of conflict with the sovereignty of a foreign state, is most relevant when the conflict is between courts of the United States and a foreign sovereign. When courts consider conflicts of sovereignty between American states, this factor is not dispositive. As the court in Buckman stated when it exercised jurisdiction notwithstanding the fact the law of another state appeared to apply:

>In any event, there would not be any significant conflict of sovereignty between Oregon and Texas in this matter. Even if the choice of law provision from the draft partnership agreement proved to be controlling, this Court could apply Texas law.

Buckman, 70 Fed. R. Serv. 941 (D. Or. 2008). Similarly, this Court can apply Washington law.

7 - ORDER

The fourth factor, the forum state's interest in adjudicating the dispute, weighs in favor of Churchill since the forum state has an interest in providing a means for its citizens to enforce the contracts that its citizens form with citizens from with other states. See Sinatra, 845 F.2d at 1200. The fifth factor also weighs in favor of Churchill since Oregon is the most efficient forum to hear this case. The witnessed are located in California, Oregon and Washington. Conducting the trial in Eugene between California and Washington is the most convenient forum when taking the interest of all the parties in account and ,as previously stated, this court can apply Washington law if need be. See id. (discussing location of witnesses in determining most efficient forum). The sixth factor, "the convenience and effectiveness of relief for plaintiff"weighs in favor of Churchill since Churchill has its main offices in Eugene and its witnesses are located in Eugene. The final factor, whether another forum is available, "becomes an issue only when the forum state is shown to be unreasonable." Sinatra, 845 F.2d at 1201. This factor is neutral as Oregon is not an unreasonable forum.

On balance, the factors favor Churchill. As such, defendants have not adequately met their burden of showing a compelling case of unreasonableness and the exercise of jurisdiction is reasonable.

All of defendants' other arguments related to this motion have been considered and found unpersuasive.

### Conclusion

Defendants motion( #27 ) to dismiss is denied.

DATED this 5+ day of August, 2009.

THOMAS M. COFFIN
United States Magistrate Judge

8 - ORDER